OPINION
Defendant-appellant, John Rucker, appeals his convictions in the Butler County Court of Common Pleas for menacing by stalking. We affirm the trial court's decision.
On December 13, 2000, appellant was indicted on two counts of menacing by stalking. The first count alleged that appellant had perpetrated the offense against Carlene Blanton, appellant's granddaughter. The second count alleged that appellant had committed the offense against Brenda Blanton, appellant's daughter. Appellant entered pleas of not guilty to both charges and the case proceeded to a jury trial.
At trial Brenda testified that when she was a child, appellant physically and sexually abused her throughout a period of eight years. Brenda testified that because of appellant's behavior, she ran away from home when she was thirteen years old and did not resume any relationship with appellant until years later. In 1998, however, Brenda allowed appellant to move in with her and her family. Shortly thereafter, she caught appellant touching Carlene in a sexual way. Carlene was eleven years old at the time. Brenda testified that she immediately ordered appellant to leave her home and did not see him again until October 2000.
Brenda testified that on October 11, she saw appellant sitting in his car outside the Family Dollar store, where she is employed. Brenda testified that appellant was looking inside the store. Brenda testified that after seeing appellant, "I got very ill to my stomach and just went back into the store, went back, sat down at my break room table, and just grabbed my gut, and was just sitting like I can't believe this is happening." The next day Brenda saw appellant sitting in his car, which was parked in the no-parking zone in front of the store, as he had been the day before. Brenda noticed appellant after exiting the store to retrieve shopping carts from the store's parking lot. She testified, "I think he may have looked at me," but she was not certain. Brenda testified that she became really nervous and went to see her therapist the next day.
Carlene testified that appellant had touched her in a sexual way two years ago when she was in her bedroom at home. Carlene testified that since that incident, she had not seen appellant until October 2000, when appellant followed her to and from school on several consecutive days.
The jury found appellant guilty of both counts of menacing by stalking. Appellant was sentenced to two seventeen-month prison terms to be served consecutively. Appellant subsequently filed this appeal, raising two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN OVERRULING RUCKER'S MOTION FOR ACQUITTAL ON COUNT TWO OF THE INDICTMENT, CHARGING HIM WITH MENACING BRENDA BLANTON BY STALKING.
In his first assignment of error, appellant argues that the prosecution failed to present sufficient evidence to demonstrate that appellant had committed menacing by stalking in regard to Brenda and that his motion for acquittal should have been sustained.[1] Appellant asserts that the prosecution failed to demonstrate that appellant engaged in a pattern of conduct that caused a threat of physical harm or immediate mental harm.
When reviewing the trial court's denial of a motion for acquittal under Crim.R. 29, this court applies the same test as it would in reviewing a challenge based upon the sufficiency of the evidence to support a conviction. State v. Thompson (1998), 127 Ohio App.3d 511, 525. The function of an appellate court when reviewing the sufficiency of the evidence underlying a criminal conviction is "to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id.
Appellant was convicted of menacing by stalking pursuant to R.C.2903.211(B)(2)(c). R.C. 2903.211 states:
 (A) No person by engaging in a pattern of conduct shall knowingly cause another to believe that the offender will cause physical harm to the other person or cause mental distress to the other person.
 (B) Whoever violates this section is guilty of menacing by stalking.
* * * *
 (2) Menacing by stalking is a felony of the fourth degree if any of the following applies:
* * * *
 (c) In committing the offense, the offender trespassed on the land or premises where the victim lives, is employed, or attends school.
* * * *
(D) As used in this section:
 (1) "Pattern of conduct" means two or more actions or incidents closely related in time, whether or not there has been a prior conviction based on any of those actions or incidents. * * * *
 (2) "Mental distress" means any mental illness or condition that involves some temporary substantial incapacity or mental illness or condition that would normally require psychiatric treatment.
Two incidents can sufficiently establish the "pattern of conduct" element of menacing by stalking. See State v. Bilder (1994),99 Ohio App.3d 653, 664. In this case, appellant came to Brenda's place of employment on two consecutive days.
Appellant argues that the evidence did not demonstrate that Brenda suffered "mental distress" as defined by R.C. 2903.211. It is not necessary to present expert testimony to establish that a victim experienced mental distress as a result of the offender's behavior in order to prove an element of menacing by stalking. State v. Schwab
(1997), 119 Ohio App.3d 463, 472, citing State v. Tichon (1995),102 Ohio App.3d 758, 763. Instead, it is the duty of the trier of fact to determine whether a victim suffered mental distress as a result of the offender's actions. Id.
Examining the evidence in a light most favorable to the state, we find that the conviction is supported by sufficient evidence. Brenda testified that appellant, her father, had subjected her to eight years of physical and sexual abuse during her childhood. When Brenda as an adult decided to allow appellant to stay in her family's home, appellant again victimized Brenda by touching her daughter in an inappropriate and sexual way. Upon encountering appellant at her place of employment, Brenda felt nauseous and extremely nervous. Brenda sought the help of a therapist immediately. Considering the history between Brenda and appellant, along with Brenda's testimony about the distress she experienced upon seeing appellant again, a rational trier of fact could have found that by appearing at Brenda's place of employment, appellant knowingly caused Brenda to suffer mental distress.
Upon reviewing the evidence in a light most favorable to the prosecution, we conclude that a rational trier of fact could find that the elements of menacing by stalking were proven beyond a reasonable doubt. The first assignment of error is overruled.
Assignment of Error No. 2:
 TRIAL COURT ERRED IN CONVICTING RUCKER FOR ENGAGING IN MENACING BY STALKING AGAINST BRENDA BLANTON IS [SIC] AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In his second assignment of error, appellant insists that the manifest weight of the evidence does not support a conviction of menacing by stalking in regard to Brenda.
The standard of review based upon the manifest weight of the evidence has been summarized as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v.Martin (1983), 20 Ohio App.3d 172, 175. An appellate court will not reverse a judgment as against the manifest weight of the evidence in a jury trial unless it unanimously disagrees with the jury's resolution of any conflicting testimony. Thompkins at 389. When reviewing the evidence, an appellate court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus.
As discussed above, Brenda testified that appellant was present at her place of employment on two consecutive days. Brenda testified that during her childhood appellant, her father, had abused her emotionally and sexually over a substantial period of time. Moreover, appellant had, in more recent years, touched Brenda's daughter in an inappropriate way. Brenda testified that upon seeing appellant at her place of employment, she because upset and immediately sought the help of a therapist. The defense presented no evidence after the conclusion of the state's evidence. Reviewing the evidence presented at trial, we cannot say that the jury clearly lost its way and created a miscarriage of justice so that appellant's conviction should be overturned as against the manifest weight of the evidence. The second assignment of error is overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.
[1] Because appellant does not raise any legal challenges to his conviction of menacing by stalking in regard to Carlene, we will not review that conviction.